# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| FERNANDO VILLANUEVA-GALVEZ,<br>　　　　　Plaintiff,<br>　　v.<br>CITY OF SAN JOSE, et al.,<br>　　　　　Defendants. | Case No.  24-cv-09055-VKD<br><br>**ORDER RE NOVEMBER 24, 2025 DISCOVERY DISPUTE RE DEFENDANT'S DEPOSITION**<br><br>Re: Dkt. No. 41 |

　　　　The parties ask the Court to resolve their dispute concerning whether plaintiff Fernando Villanueva-Galvez should be permitted to take the deposition of defendant Eliseo Anaya. Dkt. No. 41. This dispute is suitable for resolution without oral argument. *See* Civil L.R. 7-1(b).

　　　　The deadline for completion of fact discovery was November 3, 2025. Dkt. No. 27 at 2. On October 24, 2025, plaintiff's counsel served a notice for defendant Anaya's deposition, setting the deposition on November 3, 2025—the last day of fact discovery. Dkt. No. 41 at 2. Defendant Anaya informs the Court that plaintiff's counsel unilaterally noticed his deposition, described the November 3, 2025 date as a "placeholder," and failed to confer in advance (or thereafter) regarding a mutually agreeable date for the deposition. *Id.* Plaintiff Villanueva-Galvez does not dispute these assertions.

　　　　Plaintiff may not notice a deposition of a defense party witness without first conferring with defense counsel. *See* Civil L.R. 30-1 ("[B]efore noticing a deposition of a party or witness affiliated with a party, the noticing party must confer about the scheduling of the deposition with opposing counsel."). As it appears to be undisputed that plaintiff's counsel served a deposition notice setting the date for defendant Anaya's deposition without first conferring with defense

counsel about scheduling, the Court finds that plaintiff's counsel failed to comply with Civil L.R. 30-1, and did not "duly notice" the deposition. Plaintiff's counsel offers no explanation for his delay in seeking defendant Anaya's deposition or for his failure to comply with the Civil Local Rules of this District. In short, plaintiff Villanueva-Galvez is not "entitled" to take defendant Anaya's deposition because his counsel failed to act with diligence or in compliance with the Civil Local Rules to schedule the deposition before the close of fact discovery.

Nevertheless, solely because the Court is concerned that plaintiff Villanueva-Galvez may suffer prejudice as a result of his counsel's neglect if he is unable to obtain any deposition testimony of defendant Anaya, the Court will permit plaintiff to take a limited deposition of defendant Anaya, according to the following terms: Plaintiff may take defendant Anaya's deposition on a mutually agreeable date and time no later than **December 19, 2025**. The parties must confer before plaintiff notices the deposition. The deposition will be limited to 4 hours on the record, unless the parties agree otherwise.

**IT IS SO ORDERED.**

Dated: December 2, 2025

Virginia K. DeMarchi
United States Magistrate Judge