United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

FERNANDO VILLANUEVA-GALVEZ,

Plaintiff,

v.

CITY OF SAN JOSE, et al.,

Defendants.

Case No.  24-cv-09055-VKD

**ORDER GRANTING DEFENDANTS' MOTION TO EXCLUDE ERNEST BURWELL'S TESTIMONY AND OPINIONS**

Re: Dkt. No. 52

Defendants City of San Jose and Officer Eliseo Anaya move to exclude certain testimony and opinions offered by plaintiff Fernando Villanueva-Galvez's retained police practices expert Ernest Burwell.  Dkt. No. 52.  Mr. Villanueva-Galvez opposes the motion.  Dkt. No. 54.  For the reasons explained below, the Court grants the motion.

I.    **BACKGROUND**

As explained in more detail in this Court's order resolving defendants' motion for summary judgment, *see* Dkt. No. 66, Mr. Villanueva-Galvez claims that Officer Anaya's use of a police canine to locate and arrest him constituted excessive force in violation of the Fourth Amendment.  Dkt. No. 14 ¶¶ 27-29.  Mr. Villanueva-Galvez also asserts state law claims for violation of the Bane Act (Cal. Civ. Code § 52.1), battery, and negligence against all defendants based on the same underlying conduct.  *Id.* ¶¶ 39-57.  At trial, Mr. Villanueva-Galvez proposes to rely on expert testimony from Mr. Burwell, as described in an expert report.  *See* Dkt. No. 54-1 ¶ 2, Ex. 1.  Defendants challenge Mr. Burwell's proposed testimony on several grounds.  Dkt. No. 52.

The Court heard oral argument on defendants' motion to exclude on May 5, 2026.  Dkt.

United States District Court
Northern District of California

No. 62.  At the hearing, the parties indicated that they might be able to reach agreement on the testimony and opinions that Mr. Burwell should be permitted to offer.  *Id.*  Following the hearing, the Court directed Mr. Villanueva-Galvez to "provide to defendants a description of the testimony and opinions that Mr. Burwell may offer, and the bases therefor, together with citations to the corresponding disclosure in his expert report."  Dkt. No. 63.  The Court ordered the parties to file either a joint stipulation regarding the testimony and opinions that Mr. Burwell should be permitted to offer or a joint response describing the areas of remaining disagreement.  *Id.*

On May 19, 2026, the parties filed a joint response reporting that they were unable to reach an agreement as to the testimony and opinions that Mr. Burwell may offer.  Dkt. No. 65.  Mr. Villanueva-Galvez identifies 10 proposed expert opinions.  *Id.* at 2-3.  Defendants object to the admission of all but one of these opinions, arguing that they represent "new testimony" not disclosed in Mr. Burwell's expert report, and further arguing that the expert report does not disclose any reliable bases for the proposed opinions.  *Id.* at 3, 8.  Defendants ask the Court to decide their original motion to exclude Mr. Burwell's testimony.  *Id.* at 8.

Upon consideration of the moving and responding papers, the oral arguments presented, and the parties' further joint submission, the Court grants defendants' motion to exclude the challenged testimony and opinions offered by Mr. Burwell.

## II.     LEGAL STANDARD

Rule 702 of the Federal Rules of Evidence provides that a witness "who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise," if the proponent of the testimony "demonstrates to the court that it is more likely than not" that:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

2

Rule 702 was amended, effective December 1, 2023, "to clarify and emphasize that expert testimony may not be admitted unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule." Fed. R. Evid. 702 advisory committee's note to 2023 amendment.

Rule 703 further identifies the permissible bases of an expert's opinion testimony, including "facts or data in the case that the expert has been made aware of or personally observed." Fed. R. Evid. 703. Additionally, "[i]f experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, [the facts or data] need not be admissible for the opinion to be admitted." *Id.* "But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." *Id.*

Expert testimony is admissible under Rule 702 if it is both relevant and reliable. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). The determination of whether expert testimony is admissible is a matter within the Court's discretion, *see Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 142 (1999); *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141-43 (1997), and "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue," *Daubert*, 509 U.S. at 592-93. This "basic gatekeeping obligation" applies to all expert testimony, not just scientific testimony. *Kumho*, 526 U.S. at 147. The Court's inquiry is a flexible one, and "whether *Daubert's* specific factors are, or are not, reasonable measures of reliability in a particular case is a matter that the law grants the trial judge broad latitude to determine." *Id.* at 153. The proponent of expert testimony has the burden of proving admissibility. *Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996); *see also* Fed. R. Evid. 702 advisory committee's note to 2000 amendment.

Rule 26(a)(2) requires a party to disclose the identity of any person it intends to call as an expert witness and to provide "a written report—prepared and signed by the witness . . . contain[ing] a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2). A party that "fails to provide information or identify

United States District Court
Northern District of California

a witness as required by Rule 26(a) or (e) . . . is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Torres v. City of Los Angeles*, 548 F.3d 1197, 1212-14 (9th Cir. 2008); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).

## III.    DISCUSSION

Mr. Villanueva-Galvez proposes to present Mr. Burwell's testimony regarding police canine practices. Defendants do not challenge Mr. Burwell's qualifications. Nor do defendants seek to preclude Mr. Burwell from testifying entirely. Rather, defendants argue that Mr. Burwell should not be permitted to testify about legal conclusions regarding the severity and reasonableness about the use of force in this case, how disputed factual issues should be resolved by the jury, police canine practices for which he cites no reliable data or other support, and purported deficiencies in the City's canine training and supervision practices for which he cites no relevant professional standards or reliable principles. Dkt. No. 52 at 4-6. Defendants identify Mr. Burwell's opinions as follows:

(1) many agencies are not using police dogs as intended;

(2) the use of a police dog is the most severe use of force among less-lethal options;

(3) the average police canine bite lasts ten seconds or less;

(4) plaintiff's injuries constitute "great bodily injury" or "deadly force";

(5) the San Jose Police Department ("SJPD") failed to properly train and supervise its canine handlers and does not ensure that handlers maintain complete control of their dogs;

(6) the type, degree, and duration of the force used were unreasonable and excessive;

(7) Officer Anaya failed to follow SJPD's canine deployment policy;

(8) Officer Anaya's release of the dog was unwarranted and excessive;

(9) Officer Anaya did not have control of his police dog;

(10) Officer Anaya failed to make required announcements under SJPD policy; and

(11) Mr. Villanueva-Galvez was not a threat, had been overcome by OC, was not observed with a weapon, and was not actively fleeing, resisting, or hiding.

*Id.* at 4. For convenience, the Court uses these reference numbers in discussing Mr. Burwell's challenged opinions below.

Mr. Villanueva-Galvez responds that defendants' objections go to the weight, rather than the admissibility, of Mr. Burwell's opinions. Dkt. No. 54 at 1. Mr. Villanueva-Galvez further argues that Mr. Burwell's opinions are supported by sound methodology, do not exceed the permissible scope of expert testimony, and will help the jury understand how officers are trained to assess and react to evolving situations. *Id.* at 1-2. Mr. Villanueva-Galvez also raises threshold objections to defendants' motion. *Id.* at 4.

The Court first addresses Mr. Villanueva-Galvez's threshold objections and then considers the parties' arguments regarding Mr. Burwell's testimony and opinions.

### A. Plaintiff's Objections to the Motion

Mr. Villanueva-Galvez raises two threshold objections to defendants' motion to exclude.

First, Mr. Villanueva-Galvez argues that it is not necessary for the Court to decide whether to exclude Mr. Burwell's opinions at this point because Mr. Villanueva-Galvez has not moved for summary judgment. Dkt. No. 54 at 4. This argument is frivolous. Defendants timely filed their motion to exclude Mr. Burwell's expert testimony in compliance with the court-ordered deadline for hearing *Daubert* motions. *See* Dkt. No. 50.

Second, Mr. Villanueva-Galvez argues that defendants have not accurately identified the challenged opinions in Mr. Burwell's report. Dkt. No. 54 at 4. Specifically, he contends it is "nearly impossible" to determine which opinions defendants seek to exclude because the motion does not use the numbering system used in Mr. Burwell's report. *Id.* Defendants respond that they did not use Mr. Burwell's numbering system because some of the challenged opinions are unnumbered and are not even expressly identified as opinions. Dkt. No. 59 at 1-2. The Court agrees with defendants' characterization of the expert report. Defendants' motion includes direct quotes from Mr. Burwell's report identifying the challenged opinions and cites specific page numbers. *See* Dkt. No. 52 at 4. Any difficulty that Mr. Villanueva-Galvez has encountered in identifying the challenged opinions arises from Mr. Burwell's decision to organize his expert report as he did.

United States District Court
Northern District of California

United States District Court
Northern District of California

Defendants' motion to exclude is not premature and adequately identifies the challenged opinions.

### B.    Opinions 4, 6, and 8:  Legal Conclusions re Use of Force

Defendants move to exclude Mr. Burwell's opinions 4, 6, and 8 regarding the lawfulness and reasonableness of the force used, specifically that Officer Anaya's deployment of a police dog here constituted "deadly force," that the "type, degree, and duration of the force were unreasonable and excessive," and that Officer Anaya's release of the dog was "unwarranted" and "excessive."  Dkt. No. 52 at 4, 6-7; Dkt. No. 54-1 ¶ 2, Ex. 1 at 9, 11, 20.  Defendants argue that Mr. Burwell's proposed testimony usurps the function of the jury because he proposes to "apply constitutional standards under *Graham v. Connor* to disputed facts and tell the jury what result to reach."  Dkt. No. 52 at 4.  Mr. Villanueva-Galvez responds that "Mr. Burwell's opinions reflect the permissible application of the facts to relevant law-enforcement standards and Mr. Burwell's determination of whether Defendant Anaya's actions conformed to those standards."  Dkt. No. 54 at 8.  Mr. Villanueva-Galvez insists that Mr. Burwell's opinions address the "relevant standards" which "will help the jury understand how officers are trained to evaluate threats and respond with reasonably proportional force."  *Id.* at 9.

Expert testimony that concerns an ultimate issue for the jury to decide is not per se improper.  Fed. R. Evid. 704(a); *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004).  However, an expert may not give an opinion that amounts to a legal conclusion or testify regarding what the law requires.  *Hangarter*, 373 F.3d at 1016.  "This prohibition of opinion testimony on an ultimate issue of law recognizes that, [w]hen an expert undertakes to tell the jury what result to reach, this does not *aid* the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's."  *United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017) (internal quotations and citation omitted).

Mr. Burwell's challenged opinions—i.e., opinions 4, 6, and 8—run afoul of the Ninth Circuit's directive.  Whether Officer Anaya's actions were "objectively reasonable" in light of the facts and circumstances confronting him is a question for the jury.  *See Barber v. City of Santa Rosa*, No. 08-cv-5649 MMC, 2010 WL 5069868, at *6 n.9 (N.D. Cal. Dec. 7, 2010).  "Experts

United States District Court
Northern District of California

cannot tell the jury, point blank, that a given defendant 'used excessive force' or 'acted unreasonably.'" *May v. San Mateo Cnty.*, No. 16-cv-00252-LB, 2017 WL 2305160, at *9 (N.D. Cal. May 26, 2017) (excluding Mr. Burwell's opinion that officer "used excessive or unreasonable force"). Such opinions are not helpful to the jury because "[t]hat would simply be telling the jury what to conclude." *Id.*

The Court has carefully reviewed Mr. Burwell's expert report, and while the report does recite standards and best practices, the challenged opinions are not tied to those standards and practices. Instead, Mr. Burwell proposes to testify, categorically, that Officer Anaya used "deadly," "excessive," "unreasonable," and "unwarranted" force, without explaining what a particular standard requires and how such standard applies to a specific assumed or hypothetical factual scenario.

Accordingly, the Court excludes Mr. Burwell's opinions 4, 6, and 8.

**C.      Opinions 7, 9, 10, and 11:  Interpretation of Disputed Facts**

Defendants move to exclude Mr. Burwell's opinions 7, 9, 10, and 11 regarding his interpretation of Officer Anaya's body-worn camera ("BWC") video and other evidence in the record, arguing that such testimony usurps the fact-finding role of the jury. Dkt. No. 52 at 7-10; Dkt. No. 54-1 ¶ 2, Ex. 1 at 18, 19, 20, 22. At the hearing on this motion, Mr. Villanueva-Galvez conceded that Mr. Burwell may not tell the jury what the evidence shows. Dkt. No. 62. Nevertheless, he argues that Mr. Burwell's proposed testimony is admissible.

Under Rule 702, expert testimony is relevant only if it assists the jury in understanding the evidence or in determining a contested fact. Fed. R. Evid. 702. Mr. Burwell's opinions regarding his observations and interpretations of Officer Anaya's BWC are both unhelpful and unnecessary because jurors can simply watch the video footage themselves. *See Johnson v. City of San Jose*, No. 21-cv-01849-BLF, 2023 WL 8852489, at *3 (N.D. Cal. Dec. 21, 2023) (excluding police practices expert's opinions based on his interpretation of video evidence because "the jury does not need the assistance of an expert to tell them what they can see for themselves in the videos"); *see also Trexler v. City of Belvidere*, No. 3:20-cv-50113, 2023 WL 415184, at *5 (N.D. Ill. Jan. 25, 2023) (excluding Mr. Burwell's opinions and testimony "regarding his observations and

interpretations of [officer's] dash-camera video").

As explained above, while it is generally permissible for an expert to testify about whether a specific set of assumed or hypothetical facts does or does not meet relevant standards, the challenged opinions—i.e., opinions 7, 9, 10, and 11—are not tied to any such standards or set of facts. While Mr. Burwell includes excerpts of different standards in his expert report, he does not link his opinions with any such standards or explain why particular assumed or hypothetical facts do not meet those standards.

Accordingly, the Court excludes Mr. Burwell's opinions 7, 9, 10, and 11, and will not permit him to tell the jury what the body-worn camera video footage shows.

### D.     Opinions 1 and 3:  Police Canine Practices

Defendants move to exclude Mr. Burwell's opinions 1 and 3 that "many agencies are not using the police dog as it was intended" and that the "average length of time" of a police canine bite is "10 seconds or less" as "unsupported by any reliable methodology and untethered to the facts of this case."  Dkt. No. 52 at 10-11; Dkt. No. 54-1 ¶ 2, Ex. 1 at 1, 3.  Mr. Villanueva-Galvez initially opposed defendants' motion and argued that Mr. Burwell's opinions are based on "decades of law enforcement experience, advanced knowledge of POST standards, and specific work with K9 tactics."  Dkt. No. 54 at 5.  However, at the hearing, Mr. Villanueva-Galvez conceded that Mr. Burwell should not be permitted to testify that "many agencies are not using the police dog as it was intended" and that the "average length of time" of a police canine bite is "10 seconds or less."  Dkt. No. 62.

Accordingly, the Court excludes Mr. Burwell's opinions 1 and 3.

### E.     Opinion 2:  Severity of Force

Defendants move to exclude Mr. Burwell's opinion 2 that the use of a police canine "is the most severe use of force of all the less lethal tools/options," arguing that such testimony is not grounded in identifiable professional standards or reliable analysis.  Dkt. No. 52 at 11-12; Dkt. No. 54-1 ¶ 2, Ex. 1 at 2.  The Court agrees.  As another court in this District has explained in similar circumstances, "Mr. Burwell's expertise on police-canine practices does not entitle him to tell the jury, as an expert, which non-lethal force is the greatest."  *May*, 2017 WL 2305160, at *8

United States District Court
Northern District of California

8

(excluding Mr. Burwell's opinion that a police dog bite is "the greatest level of non-lethal force"). "A jury can decide for itself the relative severity of police-dog bites, in general, and the bite in this case specifically." *Id.*

Accordingly, the Court excludes Mr. Burwell's opinion 2.

### F.    Opinion 5: Training and Supervision

Defendants seek to exclude Mr. Burwell's opinion 5 criticizing the practice of using police canines generally and, in particular, his opinion that the City failed to properly train and supervise its canine handlers and ensure that handlers maintain control of their dogs. Dkt. No. 52 at 11-12; Dkt. No. 54-1 ¶ 2, Ex. 1 at 11. Mr. Villanueva-Galvez does not specifically respond to defendants' argument regarding this opinion but generally argues that "given Mr. Burwell's decades of experience training K9 tactical teams, Mr. Burwell is certainly qualified to observe Defendant Anaya's BWC footage, showing the involved K9 ignoring multiple commands, and opine that the K9's failure to follow commands indicated it was improperly trained." Dkt. No. 54 at 7.

As the Court has dismissed Mr. Villanueva-Galvez's *Monell* claim, *see* Dkt. No. 66 at 2, the Court questions whether the testimony Mr. Burwell proposes to offer regarding the City's purported failure to train or supervise its canine handlers is relevant to any claim in the case. *See, e.g.*, *Johnson*, 2023 WL 8852489, at *3 (excluding expert testimony regarding training as irrelevant following dismissal of *Monell* claim). In any event, Mr. Burwell discloses no basis for this aspect of the challenged opinion in his expert report.

To the extent Mr. Villanueva-Galvez proposes to have Mr. Burwell testify that the police canine Ronin was not properly trained, Mr. Burwell's expert report does not disclose an adequate basis for this opinion. It is generally permissible for an expert to testify regarding best practices and standards and whether an officer's conduct complies with those best practices and standards. Such testimony could include whether deployment and handling of the police canine here did or did not comply with such practices or standards. The problem here is that it is not clear to the Court whether such an opinion is actually disclosed or on what basis Mr. Burwell intends to provide such testimony. The Court has carefully reviewed Mr. Burwell's expert report, including

United States District Court
Northern District of California

9

specifically pages 11 and 21-22.  While the report excerpts certain standards from the SJPD Manual, the challenged opinion is not tied to those standards or explained.  Instead, Mr. Burwell proposes to testify, categorically, that Ronin was not properly trained.

Accordingly, the Court excludes Mr. Burwell's opinion 5.

## IV.    CONCLUSION

Based on the foregoing, the Court grants defendants' motion to exclude the challenged testimony and opinions offered by Mr. Burwell.  It is not clear to the Court whether there are any remaining opinions or proposed testimony that have been properly disclosed and about which Mr. Villanueva-Galvez proposes to have Mr. Burwell testify at trial.  The parties must be prepared to address this question at the pretrial conference set for **June 17, 2026**.

**IT IS SO ORDERED.**

Dated: June 4, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California

10